**U.S. COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, NW, Washington, DC 20581
Telephone: (202) 418-5000
Facsimile: (202) 418-5531
www.cftc.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 11/19/19

**Division of Enforcement**

Luke B. Marsh
Chief Trial Attorney
(202) 418-5322
lmarsh@cftc.gov

November 19, 2019

**VIA ECF**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 14A
New York, New York 10007-1312

*[Handwritten:]* Time to effectuate service on the defendants extended to January 17, 2020. Conference adjourned to Wednesday, February 12, 2020, at 4:30PM. SO ORDERED. /s/ JGK USDJ 11/19/19.

Re: *Commodity Futures Trading Commission v. Control-Finance Ltd., et al.*
Civil Action No. 1:19-cv-05631-JGK

Dear Judge Koeltl:

Pursuant to Local Rules 5.2(b) and 7.1(d) and Rules 1.E and 1.F of the Court's Individual Practices, we write on behalf of Plaintiff Commodity Futures Trading Commission (the "Commission") to respectfully request (1) a second adjournment of the Initial Conference in the above-captioned action and the submission of a Rule 26(f) report, and (2) an extension of time in which to effectuate service on the defendants.

Pursuant to an Order entered by Judge Woods on August 19, 2019 (ECF No. 11), the Initial Conference is currently scheduled for December 9, 2019. Rule 2.A of the Court's Individual Practices requires the parties to confer and provide a Rule 26(f) report to the Court before that date. As detailed below, despite diligent efforts, the Commission has not yet been able to serve the defendants in this action and does not anticipate that it will be able to do so before December 9, 2019. Accordingly, the Commission requests a further adjournment of the Initial Conference while it pursues other service options.

The Commission filed its complaint against Defendants Control-Finance Limited ("Control-Finance") and Benjamin Reynolds ("Reynolds") on June 17, 2019, alleging fraud and other violations of the Commodity Exchange Act and its implementing Commission Regulations. *See* ECF No. 1. As set forth in the complaint, the defendants operated a fraudulent scheme, principally through Control-Finance's public website and social media accounts, to misappropriate Bitcoin from more than 1,000 customers. As further alleged in the complaint, Reynolds is an individual and United Kingdom national who has represented that he resides in Manchester, England. Control-Finance was organized by Reynolds and incorporated as a United Kingdom private limited company by the Registrar of Companies for England and Wales (the "U.K. Registrar"). At all times relevant to this action, Reynolds acted as Control-Finance's sole

Case 1:19-cv-05631-JGK   Document 12   Filed 11/19/19   Page 2 of 3

The Honorable John G. Koeltl
November 19, 2019
Page 2 of 3

owner and director, and the company purported to maintain a Registered Office in Manchester, England.

In accordance with Rules 4(f)(1) and 4(h)(2) of the Federal Rules of Civil Procedure, the Commission has endeavored to serve Reynolds and Control-Finance through means permitted by the Hague Convention on Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters. Specifically, the Commission retained a solicitor in the United Kingdom, who in turn dispatched an agent to personally serve Reynolds at his last known residential address and to serve Control-Finance at its Registered Office address. The agent's attempts to serve Reynolds were unsuccessful. On July 31, 2019, the agent attempted to personally serve Reynolds at the "service address" in Manchester, England Reynolds had provided to the U.K. Registrar when he applied to incorporate Control-Finance. Upon arriving in Manchester, the agent discovered that the address did not actually exist, or at best corresponded to an office building that had long been abandoned and boarded-up. The agent also spent considerable time canvassing the area and spoke with several people who were entering or exiting nearby buildings. None of them had heard of Reynolds or Control-Finance, and none of them could identify the address Reynolds had used in his incorporation papers.[1]

The Commission has since attempted to find alternative addresses for Reynolds but to date has not been able to do so. The Commission's efforts have been complicated by the fact that Reynolds disabled Control-Finance's website and social media accounts as well as the email addresses and telephone number he utilized in connection with the scheme. The Commission is currently coordinating with its counterparts at certain foreign regulatory agencies to try to determine Reynolds's physical location. To the extent that those searches are unsuccessful, the Commission anticipates that it will apply to the Court for leave to use a substitute means of service pursuant to Federal Rule of Civil Procedure 4(f)(3). The Commission further anticipates that its current search efforts will conclude within the next two months and that it will be in a position to file such a motion after the New Year.

In light of the foregoing, the Commission will need additional time to complete service of process in this case. Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that service be made within 90 days after the complaint is filed, it also explicitly states that the 90-day time limit does not apply to service on an individual or entity in a foreign country pursuant to other provisions of Rule 4. Courts have interpreted that statement as an exception to the time limit that governs service on domestic defendants. *See Lewis v. Madej*, No. 15-cv-2676, 2015 WL 6442255, at *10 (S.D.N.Y. Oct. 23, 2015) ("[T]he timing restrictions in Rule 4(m) do

---

[1] Also on July 31, 2019, the agent hand-delivered a set of service papers to the Registered Office address utilized by Control-Finance while it was in operation. The U.K. Registrar had previously dissolved Control-Finance on the grounds that the company was no longer carrying on business, and the Commission is still in the process of confirming what additional actions, if any, it may need to take to perfect service on Control-Finance given the company's current status as a defunct entity.

not apply to parties served in foreign countries pursuant to Rule 4(f)."). The Second Circuit has held that in order for the foreign country exception to apply, a plaintiff need only make a good-faith effort to serve the international defendant within the usual time limits imposed by Rule 4(m). *See DEF v. ABC*, 366 F. App'x 250, 253 (2d Cir. 2010). "When the foreign country exception does apply, the court use[s] a flexible due diligence standard to determine whether service of process was timely." *In re Veon Ltd. Sec. Litig.*, No. 15-cv-08672, 2018 WL 4168958, at *8 (S.D.N.Y. Aug. 30, 2018) (citation omitted).

Here, the foreign defendant exception to Rule 4(m) applies because the Commission began the process of serving the defendants within the 90 days allotted for domestic service by, among other things, hiring a solicitor and process server in the United Kingdom who attempted to personally serve the defendants at the addresses they provided to the U.K. Registrar. Accordingly, while the Commission intends to continue its good-faith efforts to locate Reynolds, it is not aware of any set deadline by which it must complete service. Nevertheless, out of an abundance of caution and to the extent necessary, the Commission also requests an extension of time to effectuate service in this case.

For the foregoing reasons, the Commission respectfully requests that the Court adjourn the December 9, 2019 Initial Conference and the submission of a Rule 26(f) report until the Commission completes service on the defendants and that the Court grant the Commission an extension of time in which to effectuate service. The Commission has made one previous request for an adjournment in this case, which was granted by Judge Woods on August 19, 2019. Due to the Commission's inability to locate Reynolds for service, it has not been able to seek his consent to this request.

We thank the Court for its consideration of this matter.

Respectfully submitted,

**COMMODITY FUTURES
TRADING COMMISSION**

/s/ Luke B. Marsh
Luke B. Marsh (*pro hac vice*)
Jonah E. McCarthy (Bar No. JM1977)
Division of Enforcement
1155 21st Street, N.W.
Washington, D.C. 20581
(202) 418-5000 (telephone)
(202) 818-3179 (facsimile)
lmarsh@cftc.gov
jmccarthy@cftc.gov

*Attorneys for Plaintiff*
